IN RE OPINION OF THE JUSTICES.

NOVEMBER 2, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

452

To His Excellency, William H. Vanderbilt,
  Governor of the State of Rhode Island
    and Providence Plantations.

We have received from Your Excellency a request for our written opinion upon a question of law in accordance with section 2 of article XII of the amendments to the constitution of this state. The question is as follows:

"Is the board of canvassers of any city or town in this State authorized, by virtue of Section 1 of Article XX of the Amendments to the Constitution of Rhode Island, to remove from the voting list of such city or town the name of an elector, merely upon the knowledge that such elector, although otherwise qualified under said Section 1, has moved his residence out of said city or town to another city or town in the State within six months next preceding the time of his voting, so that he is unable to qualify to vote in the election in the city or town of his new residence?"

This request for our opinion was not received until today, the Saturday before election day. Obviously, the importance of it and the necessity for an answer during the same day, in order to be effective for guidance to boards of canvassers for the coming election, preclude the possibility of hearing arguments or making any extensive research, both of which would ordinarily be available in a litigated case.

The principle underlying the qualification of an elector under section 1 of article XX of the amendments to the constitution of Rhode Island has been discussed to some extent in previous opinions of this court. See *State* v. *Aldrich,* 14 R. I. 171; *Finn* v. *Board of Canvassers,* 24 R. I. 482; *Soucy* v. *Knight,* 52 R. I. 405; *Del Barone* v. *Hopwood,* 56 R. I. 467; *Republican Town Committee* v. *Knowles,* 60 R. I. 339. Under those opinions, the standard or test to be employed in ascertaining an elector's qualification "as to his

residence and home", in accordance with the constitutional provision in question, is not that of mere residence or actual place of abode, without more; but it is rather the elector's voting domicile in the legal meaning of that term. According to those opinions, the abandonment by an elector of his voting domicile, once properly established under the law, is a matter of that elector's intent, and such intent to abandon his domicile must be established by proper proof.

The burden is upon the one who challenges the elector's qualification to show that such elector has actually abandoned his previously established domicile. In the absence of proof of such fact, boards of canvassers' are without authority to strike such elector's name from the list of qualified electors. See *State* v. *Aldrich,* and other cases cited *supra.* What quantum of proof would be sufficient to establish such an abandonment and so to justify the board's striking the name of an elector from the list of qualified electors is not before us, as we understand the question propounded.

Moreover, the above view is entirely consistent with the duty which the legislature has expressly imposed upon boards of canvassers by the provisions of G. L. 1938, chap. 313, § 8, which reads as follows: "No name shall be stricken from any voting-list by any board of canvassers, unless proof shall be presented to said board that such name is the name of a person not qualified to vote, or who may not be qualified according to the provisions of this title."

Thus the decided cases and the statute all seem to make the question of abandonment of an elector's voting domicile, once properly established under the law, a matter of the elector's intent to be established by proper proof. Indeed, it has been frequently stated that it is ordinarily easier to establish one's domicile in the first instance than it is for one challenging a domicile once properly established to prove an abandonment thereof.

Knowledge by a board of canvassers of the mere change by an otherwise qualified elector of his residence, *i. e.*, his actual place of abode, from one city or town to another city or town in the state, "within six months next preceding the time of his voting, so that he is unable to qualify to vote in the election in the city or town of his new residence," without any proper proof to show that he intended to change also his previously established voting *domicile,* is not of itself sufficient to authorize a board of canvassers to strike such elector's name from the list of qualified electors on the ground that such elector had abandoned his voting domicile.

Apparently the pertinent provision in our constitution has been generally construed over a period of years by the boards of canvassers in the state in accordance with the opinions above referred to and expressed.

Based upon all of these considerations, we have come to the conclusion that we should answer in the negative the question which Your Excellency has propounded for our opinion.

<div align="right">

EDMUND W. FLYNN
WILLIAM W. MOSS
ANTONIO A. CAPOTOSTO
HUGH B. BAKER
FRANCIS B. CONDON