138 So.2d 513 (1962)
Glen Francis JONES, Appellant,
v.
H.N. KIRKMAN, As Director of Department of Public Safety, Appellee.
No. 31352.
Supreme Court of Florida.
March 7, 1962.
*514 Edward C. Flood, Bartow, for appellant.
Richard W. Ervin, Atty. Gen., and Joseph C. Jacobs, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
By direct appeal we have for review an order of a circuit judge upholding the validity of Section 322.27, Florida Statutes, F.S.A.
We must determine the validity of Section 322.27, supra, which establishes a so-called "point system" for evaluating such convictions of motor vehicle laws or ordinances as will support the suspension of a driver's license.
On February 2, 1961, the Florida Department of Public Safety suspended Jones' motor vehicle operator's license for a period of three months. The announced reason for the suspension was the "accumulation of eighteen points within eighteen months" as defined by Section 322.27, Florida Statutes, F.S.A. Pursuant to Section 322.31, Florida Statutes, F.S.A., Jones sought review of the suspension order in the Circuit Court of Polk County. He assaulted the validity of the subject statute for reasons which we shall discuss. The circuit judge sustained the statute with an order in which he recited that Jones admitted that he had received a summons for each of the seven offenses alleged to have been the foundation for the suspension of the license. In most instances Jones had posted an appearance bond and the bond was estreated because of his failure to appear and answer the violations charged. In other instances he appeared and was found guilty. We are not requested to reverse the subject order which sustained the validity of the statute.
The principal ground urged for reversal is the absence of a provision in the statute requiring a hearing as a condition precedent to the suspension of a driver's license.
Section 322.27(2) is a legislative enactment establishing a so-called "point system" for the evaluation of convictions of violations of laws or ordinances "for the determination of the continuing qualification of any person to operate a motor vehicle." By the statute the Department of Public Safety is authorized to suspend the license of any motor vehicle operator upon record evidence that the licensee has been convicted of violations of motor vehicle laws or ordinances amounting to twelve or more points as determined by a point system specifically set forth in the act. When twelve points are accumulated within a twelve month period the limit of the suspension is thirty days. When eighteen points are accumulated within an eighteen month period the suspension is limited to three months. When twenty-four points are accumulated within a thirty-six month period the suspension is limited to one year. By the statute the Legislature enumerated the various types of offenses which would support a suspension. It also provided for each conviction a stipulated number of points which shall be recorded in arriving at the total during any specific period. By Section 322.271, Florida Statutes, F.S.A., the Department of Public Safety is required to notify a licensee immediately upon the entry of a suspension order. The licensee is thereupon allowed an opportunity to be heard in the county of his residence "as early as practical within not to exceed thirty days" after he requests such hearing by the Department. By Section 322.31, Florida Statutes, F.S.A., any final adverse ruling by the Department may be subject to review within thirty days in the circuit court in the licensee's county of residence.
*515 The principal insistence of appellant Jones is that Section 322.27, supra, contains no provision for a hearing prior to the initial entry of a suspension order by the Department when such order is grounded on the total number of points accumulated over the period of time provided by the statute. The appellant recognizes that we held to the contrary in Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740. In effect, he now asks us to recede from that position. He reminds us that prior to Thornhill the act of the Legislature specifically provided that no hearing was necessary. We upheld a suspension without a preliminary hearing in the Thornhill decision. Appellant then points out that by the statute as subsequently amended, there is no expressed legislative exclusion of the hearing requirement. However, he urges that the failure to provide for such a hearing is an organic deficiency in the statute which should induce its downfall. It is sufficient to point out that if such a hearing is essential to organic due process then a suspension without a hearing could not be validated by legislative fiat. For reasons which we announced in Thornhill, and for additional reasons mentioned here, we adhere to the rule of the Thornhill decision and again uphold the action of the appellee Kirkman taken pursuant to the statute.
It is unnecessary to engage in any extended discussion of the rights of one who operates an automobile over public highways. Further, little could be accomplished by repeating the oft-stated view of this and other courts that the privilege of driving an automobile over public highways is not an absolute organic right. It is conceded that any unreasonable interference with the privilege could amount to a deprivation of liberty without due process. Carnegie v. Department of Public Safety, Fla. 1952, 60 So.2d 728; Wall v. King, 1st Cir., 206 F.2d 878, cert. denied, 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411. The rule, however, is equally clear that any reasonable restriction upon or condition attached to the continued enjoyment of the privilege will be upheld in the interest of the public safety.
We will not repeat what we have said on numerous occasions regarding the rights of the public to operate over the public highways in safety and free from the death, injury and destruction produced by those who consistently demonstrate a reckless disregard for the safety of others. While a licensed motor vehicle operator is entitled to operate his machine over the public highways in a lawful manner, he is not endowed with any constitutional right to operate his machine in consistent disregard of the laws enacted for the public safety. When he does so he must suffer the consequences which the Legislature has prescribed in the interest of protecting the public generally against such unlawfulness. Thornhill v. Kirkman, supra; Smith v. City of Gainesville, Fla. 1957, 93 So.2d 105; City of Miami v. Aronovitz, Fla. 1959, 114 So.2d 784.
The Florida Legislature has authorized the Department of Public Safety to suspend a driver's license upon the occurrence of certain conditions. The Legislature itself has prescribed the conditions. The so-called "point system" is merely a legislative evaluation of convictions of traffic violations in terms of penalty points which, when accumulated in sufficient quantity during a stated period, lead to suspension of a driver's license. When the point system is announced in the legislative enactment it will be upheld. Glenn v. Commissioners of the District of Columbia, D.C.Mun.App., 146 A.2d 575; Durfee v. Ress, 1957, 163 Neb. 768, 81 N.W.2d 148; Stewart v. Ress, 1957, 164 Neb. 876, 83 N.W.2d 901; Sturgill v. Beard, Ky. 1957, 303 S.W.2d 908. When a state administrative agency under its general rule-making power has attempted to promulgate such a system its authority to do so has been denied. South Carolina State Highway Department v. Harbin, 1955, 226 S.C. 585, 86 S.E.2d 466; Harvell v. Scheidt, 1959, 249 N.C. 699, 107 S.E.2d 549. We hold that the point system announced by the Florida Legislature is a valid method of *516 determining the conditions precedent to the administrative suspension of a driver's license by the State Department of Public Safety.
In the enforcement of driver's license regulations the vast majority of courts which have considered the question, including this Court, have held that a notice and hearing are not organic essentials to validity of the suspension order. Thornhill v. Kirkman, supra; Wall v. King, supra; Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, cert. denied, 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084; Berberian v. Lussier, 1958, 87 R.I. 226, 139 A.2d 869; Ratliff v. Lampton, 32 Cal.2d 226, 195 P.2d 792, 10 A.L.R.2d 826, 839.
Organic requirements are met if the legislative prescriptions are clear and reasonable, and, a fair opportunity to test the validity of the suspension order is provided. The Florida Statute meets this rule.
Appellant Jones also urges that appellee's letter of advice describing the various offenses leading to the suspension of his driver's license did not describe such offenses in the specific language of Section 322.27, supra. It will be recalled that the order recited that appellant admitted receiving a summons for each of the offenses. He appeared and was convicted or he posted an appearance bond and failed to appear. The description of the offenses in the letter from the appellee was sufficiently clear under the circumstances to support the order of suspension. It was not necessary that this notice be drawn with the particularity of an information or indictment. The violations were described with reasonable certainty and with such specificity as was necessary to reveal that Jones' license was subject to suspension under the statute.
Appellant Jones also reminds us that in most of the violations there was no trial. There was a charge, a bail bond and a forefeiture for failure to appear. He seems to assert that these events do not constitute convictions of violations of the law. Section 322.25, Florida Statutes, F.S.A., specifically classifies a bond forfeiture as a "conviction" under the driver's license laws. Even if there were no statute on the subject the rule is contrary to appellant's position. Levin v. Carpenter, Mo. 1960, 332 S.W.2d 862, 79 A.L.R.2d 859, p. 871.
We have not overlooked our recent decision in State v. Gates, Fla., 134 So.2d 497, which is not mentioned by appellant but which might be considered by some to be inconsistent with this opinion. It is not. There we dealt with the organic right to vote. This was a right which remains inherent in the people under the Constitution and constitutes a fundamental right of the citizen under our democratic system. Here we deal with an entirely different situation. Appellant Jones seeks to exercise a privilege which the Legislature, pursuant to the Constitution, has subjected to valid police measures in the interest of the public safety. The privilege sought to be asserted by appellant Jones is in no respect analogous to the organic right to vote which we found to be constitutionally protected in State v. Gates, supra.
The order of the circuit court is affirmed.
ROBERTS, C.J., THOMAS, DREW and O'CONNELL, JJ., and WALKER, Circuit Judge, concur.