## CASSESE v. DEPARTMENT OF PUBLIC SAFETY.
### No. 64-L-406.
Circuit Court, Dade County.

December 18, 1964.

Leonard H. Rubin, Miami, for petitioner.

Victor V. Andreevsky, Assistant Attorney General, Miami, for defendant.

HARVIE S. DuVAL, Circuit Judge.

This cause coming on before me on petitioner's petition for writ of certiorari, and the court having examined the record and briefs filed herein together with argument of counsel, the court upon consideration finds and holds as follows —

The Department of Public Safety, State of Florida, hereinafter referred to as the department, forwarded to the petitioner a document, the material parts of which read —

January 9, 1964

ORDER OF LICENSE REVOCATION, SUSPENSION OR CANCELLATION

To:
Anthony Cassese
30 N. W. 71st Street, Apt. 4
Miami, Florida
1962-64 Operator # B-163798

Docket No.                       DOB  4-16-84

Offense Date

This is to notify you that your privilege to operate a motor vehicle in the State of Florida has been:

( ) REVOKED
( ) SUSPENDED for a period of

_____.

The above driver's license has been:

( x ) CANCELLED

Reason for either of above:

Driver's license suspended one (1) year, on August 13, 1963, for accumulation of twenty-four (24) points within thirty-six (36) months.
Effective this 9th day of January, 1964.

H. N. KIRKMAN, Director
DEPARTMENT OF PUBLIC SAFETY

Although the above order is checked in the cancellation box, such is considered by the court to be a typographical error on the part of the department as it has no authority to cancel an operator's driver's license for the accumulation of points, but only to suspend under the provisions of F. S. 322.27. The authority for cancellation of a driver's license by the department is contained in F. S. 322.22 which section does not include authority to cancel for an accumulation of points.

On January 29, 1964, the petitioner's attorney requested a hearing as authorized by F. S. 322.271 which read —

Mr. H. N. Kirkman, Director
Department of Public Safety
Tallahassee, Florida

Re: Anthony Cassese, 30 N. W. 71st Street, Apt. 4
Miami, Florida, born 4-16-84
Operator's License    #B-163798

Gentlemen:

This is to advise you that I represent Mr. Anthony Cassese in regard to the cancellation and suspension of his driver's license.
Pursuant to Florida Statute 322.271, we hereby request a hearing in regard to the notice of Cancellation and Suspension.

Very truly yours,

LEONARD H. RUBIN

On February 3, 1964, the department replied to the above request —

Dear Mr. Rubin:

This is to acknowledge receipt of your letter of recent date regarding restoration of driving privilege for Anthony Cassese.
In reviewing the files in the Driver's License Division, we find Mr. Cassese's driving privilege was suspended on August 13, 1963, for one year as a result of accumulation of twenty-four (24) points within thirty-six (36) months. Any person whose driving privilege has been suspended or revoked by the Department is entitled to a hearing to determine the advisability of re-instatement of driving privilege. Enclosed is a copy of the rules which are to be followed when requesting same.

Very truly yours,

C. W. KEITH, Major
Supervisor,
Driver's License Division

The pertinent portions of the mentioned rules enclosed in the department's letter of February 3, 1964 are —

STATE OF FLORIDA
DEPARTMENT OF PUBLIC SAFETY
SUSPENDED LICENSE
RULES AND REGULATIONS FOR REQUESTING A HEARING

Anyone whose driving privilege has been suspended must comply with the following requirements in requesting a hearing for modification of his or her suspended license.

1. The Department of Public Safety must first have on file the suspended driver's license prior to time hearing is set.

2. The applicant must furnish the department with a notarized statement to include the following information.

   A. Why you need a driver license.

   B. Your intentions regarding your driving habits provided your license is returned on a restricted basis.

   C. A list of all arrests for traffic offenses in this or any other state.

3. A notorized statement from applicant's employer as to the need of such license in connection with his employment.

Upon receipt of the above information the Department of Public Safety will consider it as an application for a hearing which will be set within thirty days.

If the department modifies the suspension period, the license will be re-instated with certain restrictions.

Upon re-instatement, the applicant will be required to successfully pass a complete driver's license examination and pay a five ($5.00) dollar examination fee.

The petitioner did not comply with the above rules and regulations as demanded by the department and the hearing requested by the petitioner was never granted.

The question arises as to what authority, if any, the public safety department has to require compliance with such rules and regulations prior to affording a hearing.

Paragraph (1) of F. S. 322.271 reads —

Upon the suspension, cancellation or revocation of the driver's license of any person as authorized or required in this chapter, the department shall immediately notify the licensee, and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed thirty days after receipt of such request, in the county wherein the licensee resides, unless the department and the licensee agree that such hearing may be held in some other county. * * *

F. S. 322.271 (1) directs the department to afford a hearing upon request. F. S. 322.271 (1) does not authorize the department to establish any rules for a driver to comply with, as a condition precedent to affording such a hearing. The department has one duty in this regard and one duty only and that is to reply to a driver's request for a hearing, by forwarding him a notice of hearing as to when and where the hearing will be held and within thirty days from the receipt of the driver's request. There are no

formal requirements for a driver to comply with prior to a hearing being set by the department as required by the statute. The request forwarded by the petitioner's attorney dated January 29, 1964, for a hearing met every requirement necessary for being afforded a hearing. The department upon receiving this notice should have afforded the petitioner a hearing as early as practical within not to exceed thirty days. The hearing in this case should have, by law, been set not later than February 28, 1964.

The department's failure to give petitioner a hearing prior to his complying with the aforementioned rules was tantamount to a refusal by the department to afford him a hearing.

Paragraph (2) of F. S. 322.271 authorizes the department to require letters of recommendation, *but not under oath*, from respected business men in the community, law enforcement officers or judicial officers in determining whether such person should be permitted to operate a motor vehicle on a restricted basis for business use only and in determining whether such person can be trusted to so operate a motor vehicle. Such is not to be construed as authority for the department to require compliance prior to affording a hearing as requested by the driver under this statute.

The "Rules and Regulations" set forth above, with which the department required the petitioner to comply before affording him a hearing on the order of suspension, cancellation or revocation of his driver's license, are arbitrary, unreasonable and unlawfully promulgated without authority, and are inconsistent with the provisions of F. S. 322.271. The rules are an unlawful and invalid condition precedent to a request for a hearing by any person receiving an order from the department suspending, cancelling or revoking his operator's license for an accumulation of points, under the "point system." Such is a departure by the department from the essential requirements of the law. None of these enumerated rules and regulations need be complied with by an operator prior to his being afforded a hearing under provisions of F. S. 322.271.

The authority for the department to make rules and regulations necessary for administration, contained in F. S. 322.27(2)(h), does not give the department authority to make rules and regulations inconsistent with and as a condition precedent to affording an operator a hearing as provided by F. S. 322.271.

The order of January 9, 1964, is vague and ambiguous and the court is unable to determine the time the department intended the suspension to commence. The order read —

"Driver's license suspended one (1) year, on August 13, 1963, for accumulation of twenty-four (24) points within thirty-six (36) months. Effective January 9, 1964."

Did the department intend that the petitioner's license was suspended as of August 13, 1963, and his one year suspension commenced on that date, or is it informing the petitioner the reason for suspending his license was because on August 13, 1963, he had accumulated twenty-four points within thirty-six months, and his license was suspended commencing on January 9, 1964, for a period of one year?

If the first interpretation is what the department meant, then the petitioner had been driving illegally for about five months, without knowing of the suspension, and would be entitled to the return of his license on August 12, 1964. If the second interpretation is correct then the effective date of suspension would commence on January 9, 1964, for a period of one year terminating January 8, 1965. The court, however, is of the opinion that neither interpretation is correct.

The Supreme Court of Florida in Jones v. Kirkman, 138 So.2d 513, held it was not necessary under F. S. 322.27 as enacted in 1957, establishing the "point system", for the department to evaluate violations of traffic laws or ordinances, or to provide for a hearing prior to the initial entry of license suspension order. The court went on to say that the "organic requirements are met if the legislative prescriptions are clear and reasonable, and, a fair opportunity to test the validity of the suspension order is provided. The Florida Statute meets the rule." F. S. 322.27 as enacted in 1957 authorized the department to suspend the license of an operator "without preliminary hearing," upon a showing of its records or other sufficient evidence that certain enumerated offenses had occurred.

The legislature of 1959 amended F. S. 322.27 and eliminated the above authorization to suspend without a preliminary hearing and added F. S. 322.271 to provide for a hearing. It is quite clear by the elimination of the authority to suspend without preliminary hearing and providing for a hearing, the legislature intended to provide for a quick and simple hearing, in order to determine the validity and advisability of the suspension order entered under the authority of the "point system."

The effective date of any suspension of an operator's license entered under the "point system," does not commence until after the operator has had a fair opportunity to request a hearing. Such reasonable time would be within thirty days after receiving such an order, unless the department notifies the operator of a shorter time in which to request a hearing, such time being reasonable.

It is, therefore, the finding and decision of this court — (a) That the initial order of suspension, under the point system, does not affect or suspend an operator's license until all opportunity

for review of such order authorized by law has been exhausted by the affected operator. (b) That the request for a hearing made by the petitioner was made within thirty days after receiving the department's order of suspension and timely made. (c) That the "Rules and Regulations" set forth above, compliance being required by the department prior to affording petitioner a hearing, are invalid and unenforceable and need not be complied with by petitioner in order to obtain a hearing as authorized by F. S. 322.271. (d) That the department cannot promulgate any requirements affecting an operator's lawful right to be afforded a hearing other than as specifically enumerated in F. S. 322.271 (2), and such requirements may not be made a condition precedent to affording a hearing, but may be required to be presented at a hearing for the purpose recited in the statute. (e) That the petitioner's request for hearing stayed the effective date of the initial order of suspension of his operator's license until after hearing has been afforded him and a ruling by the department either suspending, affirming or modifying its original order has been entered, (f) and for such further stay as is provided by F. S. 327.272.

Wherefore and by reason of the above, the petitioner's petition for certiorari is granted, and the effective date of the order of suspension dated January 9, 1964 is hereby stayed until a hearing as requested by the petitioner is afforded him and until the department has entered its order thereon and for such further time as is permitted under the laws of Florida for the petitioner to avail himself of the right of filing a petition for certiorari from such order, if he should be so advised.