PER CURIAM.
The plaintiff appeals a final decree vacating a temporary injunction and dismissing his complaint. The complaint joined the Metropolitan Court in and for Dade County, Elorida and the Department of Public Safety of the State of Florida as defendants. The purpose of the injunction was to prevent the prosecution of the appellant for failing to surrender his license upon demand and driving while his license was suspended. The injunction was sought on the basis of alleged procedural irregularities in the proceedings whereby the Department of Public Safety suspended appellant’s license for a period of one year, pursuant to § 322.27(2), Fla.Stat., F.S.A., for the accumulation of 24 points within a 36 month period.
The chancellor correctly dismissed the complaint as to the Metropolitan Court of Dade County. The equitable power to restrain the prosecution of judicial proceedings is confined to restraint of the parties, and it may not be used to restrain a court in the exercise of its jurisdiction. Berger v. Leposky, Fla.1958, 103 So.2d 628; 17 Fla.Jur. Injunctions, § 60; 28 Am.Jur. Injunctions, § 200.
The complaint for an injunction against the Department of Public Safety of the State of Florida was properly dismissed pursuant to the law established in Thornhill v. Kirkman, Fla.1953, 62 So.2d 740; and Jones v. Kirkman, Fla.1962, 138 So.2d 513. See also Gause v. Kirkman, Fla.App.1965, 178 So.2d 741.
Affirmed.