PER CURIAM.
By appeal there are presented here for review two interlocutory orders entered by the circuit court in proceedings preliminary to a trial de novo which is provided for by statute upon the filing of an appeal to the circuit court by an elector whose name has been stricken from the registration books by the county supervisor of elections after an administrative hearing on notice before that official.[1]
Statutory proceedings are regarded as law actions unless the statute provides otherwise or unless by the nature of the subject matter involved or of relief called for they fall clearly within the general area of equity procedure. The rule was given application in Wilson v. Jacksonville Expressway Authority, Fla.App.1959, 110 So.2d 707; and Camp Phosphate Company v. Marion County, Fla.App.1967, 194 So.2d 302. Tested against that rule the statutory proceeding provided for in the circuit court in this instance is a law action, of which interlocutory orders not relating to venue or jurisdiction over the person are not appeal-able. Rule 4.2 F.A.R., 32 F.S.A. However, this interlocutory appeal is accepted and treated as a petition for certiorari, as *587 authorized and provided for by § 59.45 Fla.Stat., F.S.A.
The issue to be tried de novo in the circuit court is whether “the permanent place of residence” of the petitioners is in precinct No. 238,[2] the City of Is-landia,[3] so as to entitle them to vote therein. Their residence in the precinct was challenged by the supervisor of elections. After notice and hearing as provided for in § 98.201 Fla.Stat., F.S.A., the supervisor struck the names of the petitioners from the voter registration list for that precinct. In providing for appeal to the circuit court by an elector from such an adverse ruling by a supervisor of registration, or as the official is now termed a supervisor of elections, the statute prescribes that the appeal to the circuit court shall entitle the appellant to a trial de novo, but the statute makes no provision as to how the issues should be raised or framed for the trial in the circuit court, stating only that the trial should b¿ governed by rules of the circuit court.
Unaided by directions as to the manner in which to proceed, the electors, along with their notice of appeal, filed a class suit against the county and the supervisor of elections seeking a declaratory decree to determine the qualifications, as voters in precinct No. 238, of themselves and of all other persons similarly situated. On motion of the appellees as defendants in that suit the circuit court, holding the trial de novo should be restricted to the appealing parties and should not involve “matters outside the scope of the original proceeding,” dismissed the class suit. No review was sought of that order. The electors then filed a Petition for Review, substantially repeating the allegations of their former complaint, but eliminating the class suit feature. On motion of the defendants the court struck a prayer for declaratory decree as contained in the petition for review and struck certain allegations therefrom. No review of that order was sought by the electors.
Following a pretrial conference the trial court entered the two orders which were appealed to this court. By one of those orders counsel of record for the county and supervisor were directed to serve on each appealing elector notice specifying the grounds on which it was claimed he or she was not a qualified elector and requiring the latter to show cause why they should not be removed from the registration list with reference to precinct 238.[4] *588 The second of those orders denied a motion of the appellants to strike the notices just mentioned.
We are impelled to quash the order of the circuit court which directed that the trial de novo proceed on a notice by the supervisor to the appellants to show cause why their names should not be removed from the registration books. The defect in that procedure which causes us to reject it is that it places the burden of proof on the electors and requires them to disprove the supervisor’s charges on which he claims their disqualification. That result should not obtain, because it is the county or the supervisor of elections who is the complaining party and who, therefore, should occupy the position of plaintiff or complainant in the circuit court and have the burden of proof on the issues to be tried.
The show cause procedure which the statute provides for use on the administrative hearing may be appropriate there for practical reasons,[5] but we are of the opinion it would not square with due process of law to proceed by rule to show cause against the electors in the authorized subsequent judicial determination of the issues on trial de novo in the circuit court.[6]
The petitioners express concern because by certain language in the order which dismissed their class suit and by striking certain allegations from their subsequently filed petition for review the trial court appears to have indicated an intention to unduly restrict them in presentation of evidence on the issues to be tried. Those previous orders are not before us for review, and therefore we make no ruling on that specific contention of the petitioners, but we hold that due process of law on such a trial de novo in the circuit court would require that the appealing electors shall be afforded full opportunity to plead in defense to the charges against them, and that they, as well as the appellees, be permitted to present any evidence which in the opinion of the trial court is competent, relevant and material to the issue or issues tried.
Accordingly, certiorari is granted and the two orders appealed from are quashed, and the cause is remanded to the circuit court with directions to enter an order fixing a time within which the supervisor of elections may file a complaint or other initial pleading against the electors who have appealed, alleging the facts and grounds on which it is contended each is not qualified to vote in precinct 238, fixing the time for the filing of answers or other defenses thereto by said electors, and upon the pleadings being settled to then proceed to trial de novo of the issue or issues thus raised.
It is so ordered.

. Section. 98.201, Fla.Stat., F.S.A., entitled “Removal of names of disqualified electors”, in pertinent part provides as follows: “Whenever it shall come to the supervisor’s knowledge that any elector has become disqualified to vote by reason of conviction of any disqualifying crime or from other causes, or has moved from the county or to another precinct without complying with § 97.091 or his right to vote has become affected since his registration, the supervisor shall notify the person at his last known address by certified or registered mail * * *. The notification shall plainly state that the registration is allegedly invalidated and shall be in the form of a notice to show cause why the person’s name should not be removed from the registration books. The notice shall state a time and place for the person so notified to appear before the supervisor to show cause why his name should not be removed. Upon hearing all evidence in an administrative hearing, the supervisor of elections shall determine whether or not there is sufficient evidence to strike the person’s name from the registration books. If the supervisor determines that there is sufficient evidence he shall strike the name forthwith. Appeal shall be to the circuit court in and for the county wherein the person was registered. Notice of appeal shall be filed within fifteen (15) days with the supervisor of elections and shall act as supersedeas. Trial in the circuit court shall be de novo and governed by the rules of that court. Unless the person can show that his name was erroneously or illegally stricken from the registration books or that he is indigent, he shall be made to bear the costs of the trial in the circuit court. Otherwise, the costs of the appeal shall be paid by the board of county commissioners.”

. Section 97.091 Fla.Stat., F.S.A. provides as follows: “No person shall be permitted to vote in any election precinct or district other than the one in which he has his permanent place of residence and in which he is registered; * *

. Judicial notice can be taken that Is-landia consists of certain undeveloped and largely uninhabited islands in the Atlantic Ocean, lying between Key Biscayne and Key Largo.

. The record contains a note stating that substantially similar notices were served on each of the appellants, and as an example recited the grounds or reasons for claiming disqualification contained in the notice to the appellant-elector William E. Greene, Jr., as follows: “(a) Your permanent place of residence was not within Precinct No. 238 on and shortly before January 22, 1966, but in fact at 3594 Main Highway, Coconut Grove, in the City of Miami, State of Florida.” (b) You did not consider your permanent place of residence to be within Precinct No. 238 on and shortly before January 22, 1966. “(e) Your Florida driver’s license indicated that your residential address was at 3594 Main Highway, Coconut Grove, Miami, Florida, on and shortly before January 22, 1966 and not within Precinct No. 238. “(d) You did not spend a single night within Precinct No. 238 during 1965. “(e) You did not keep your clothing within Precinct No. 238 on and shortly before January 22, 1966. “(f) The federal income tax return that you filed in 1965 indicated that your residential address was at 3594 Main Highway, Coconut Grove, Miami, Florida, “(g) you rented a room for a nominal consideration within Precinct No. 238 on and shortly before January 22, 1966, but did not oc *588 cupy it on a single evening during 1965, while you spent each evening that you were in Dade County in a rented apartment at 3594 Main Highway, Coconut Grove, Miami, Florida, for which apartment you were paying a monthly rental of $150.00.”

. See State ex rel. Barancik v. Gates, Fla.1961, 134 So.2d 497, in which it was held that before removal of an elector’s name from the registration books he should be given notice and an opportunity to be heard. Subsequent to that decision § 98.201 Fla.Stat., F.S.A. was amended to include provision for notice and hearing at the administrative level and for appeal and trial de novo in the circuit court. Laws of Florida 1963, ch. 63-481, § 1; Laws of Florida 1965, Oh. 65-134, § 14.

. The show cause procedure prescribed by the trial court was not objected to by the petitioners on the ground that it shifted the burden of proof to them. On the contrary, by contending that the issues relating to their qualification as voters in the precinct could be tried de novo only on a suit or petition instituted by them, the electors voluntarily would assume the burden of proof, which under the rules of practice is imposed on one who so proceeds.