281 So.2d 553 (1973)
Larry Edward ZARSKY, Petitioner,
v.
STATE of Florida, and State of Florida Department of Highway Safety and Motor Vehicles, Respondents.
No. 73-320.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Rehearing Denied September 10, 1973.
Bierman & Sonnett, and Edward R. Shohat, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., Edwin E. Strickland, Tallahassee, for respondents.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The petitioner, Larry Edward Zarsky, presents a petition for certiorari to review a final order of the Department of Highway Safety and Motor Vehicles which denied the petitioner's application for early reinstatement of his Florida driving privilege. There is no question presented claiming error in the proceedings or on the merits. The sole basis upon which the petition is presented is the petitioner's contention that Fla. Stat. § 322.264 and Fla. Stat. § 322.27(5), F.S.A., respectively entitled, "Habitual traffic offender defined", and "Authority of department to suspend or revoke license", are unconstitutional. He argues, first, that the revocation of his driving privilege is unconstitutional because the statutes have the effect of increasing the punishment for traffic violations *554 which were committed before July 1, 1972, the statutes' effective date.
In Cross v. State, 96 Fla. 768, 119 So. 380 (1928), and in Washington v. Mayo, Fla. 1956, 91 So.2d 621, the Supreme Court of Florida has upheld habitual offender statutes against attack as ex post facto laws. The Supreme Court held that a statute is not considered an ex post facto law merely because it provides enhanced punishment for subsequent offenses. It should be noted, in the case presently before the court, that two of the traffic violations occurred after the effective date of the statutes (July 1, 1972).
The second line of argument directed to the alleged unconstitutionality of the statutes is appellant's contention that Fla. Stat. § 322.264 and Fla. Stat. § 322.27(5), F.S.A., fail to require that any of the moving violations occur after the effective date of the statutes.[1] A litigant may not be heard to urge the unconstitutionality of a statute where he is not harmfully affected by the particular features of the statute alleged to be in conflict with the constitution. State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947); Steele v. Freel, 157 Fla. 223, 25 So.2d 501 (1946).
The petitioner relies upon Greene v. State, Fla. 1970, 238 So.2d 296, for a holding that the enumerated sections are unconstitutional as an ex post facto law. The holding in the Greene opinion is clearly distinguishable because the court there pointed out:
* * * * * *
"However in the case of these defendants, both felonies were committed before the statute's effective date. Each was convicted of a second felony after the effective date of the statute. Although both Section 903.132 and the habitual offender act depend upon conviction of the second or subsequent offense, as we noted in Cross, supra, the significant event as far as judging the ex post facto effect is the date of the offense rather than the conviction. Denial of defendants' release on bail pending appeal attached to offenses that were committed prior to the effective date of the statute. Under these circumstances, the statute as applied to these defendants is:
`"One which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences, alters the situation of a party to his disadvantage."'"
Thus, we have considered the petitioner's contention that the statutes are unconstitutional as an ex post facto law, and we hold that the contention is without merit. The remaining contentions claiming: (1) that the enforcement of the statutes denied the petitioner substantive due process; (2) that the statutes are unconstitutional as applied to the petitioner because his business required him to drive a great deal; (3) that the statutes are unconstitutional because they inflict a cruel and unusual punishment; and (4) that the statutes are not reasonably related to health, safety, morals and general welfare, are *555 also without merit. In our opinion, they do not require extended comment. See Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740; Jones v. Kirkman, Fla. 1962, 138 So.2d 513.
The petition is denied.
It is so ordered.
NOTES
[1] It should be noted that Fla. Stat. § 322.264(2), F.S.A., in setting the conditions for revoking a license, specifically provides that a "habitual traffic offender" can be a person who has accumulated "[f]ifteen (15) convictions for moving traffic offenses for which points may be assessed as set forth in section 322.27, Florida Statutes ...". (emphasis supplied) (Fla. Stat. § 322.27(4), F.S.A., requires that the department "... shall use the offense date of all convictions" in computing the points and period of suspension. (emphasis supplied) Therefore, in order to arrive at the required total of fifteen convictions, when these two sections are construed in pari materia, it is readily apparent that a violator must not only commit a traffic violation subsequent to July 1, 1972, but must also be convicted of the violation in order for it to be computed with those violations occurring prior to July 1, 1972.