290 So.2d 545 (1974)
Vincent James CAPPADONA, Petitioner,
v.
C.W. KEITH, Director, Division of Driver Licenses Department of Highway Safety, Respondent.
No. 73-1262.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Rehearing Denied March 21, 1974.
Robert A. Urban, Fort Lauderdale, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
MAGER, Judge.
Petitioner seeks review by certiorari of an order of license revocation (entered under F.S. Section 322.27(5), F.S.A.) wherein petitioner is designated as an habitual traffic offender, as defined in Section 322.264, Florida Statutes, F.S.A.
Petitioner contends that the provisions of Section 322.264, the habitual traffic offender law, are ex post facto and unconstitutional because revocation is dependent upon offenses occuring prior to the enactment of such law. Petitioner further contends that Section 322.27(5), Florida Statutes, F.S.A. violates his constitutional rights by reason of the fact that no public hearing is afforded to the person designated as an habitual offender prior to license revocation.
*546 The habitual traffic offender law, which became effective July 1, 1972, contains specific declaration of legislative intent as follows:
"322.263 Legislative intent

"It is declared to be the legislative intent to:
"(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state.
"(2) Deny the privilege of operating motor vehicles on public highways to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state and the orders of the state courts and administrative agencies.
"(3) Discourage repetition of criminal action by individuals against the peace and dignity of the state, its political subdivisions, and its municipalities and impose increased and added deprivation of the privileges of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws."
The foregoing reflects a reasonable basis for such legislation paralleling the rationale of the Florida Supreme Court in Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740, and Jones v. Kirkman, Fla. 1962, 138 So.2d 513, upholding other driver license provisions.
Moreover, the fact that Sec. 322.264 provides enhanced punishment for subsequent offenses does not give rise to an ex post facto law so as to render said statute unconstitutional. In the recent decision of Zarsky v. State, Fla.App. 1973, 281 So.2d 553, our sister court rejected contentions similar to those of the petitioner and upheld the habitual offender statute. The holding in Zarsky is applicable to the case sub judice.[1]
Petitioner's contention regarding the necessity of notice and hearing prior to revocation must also be rejected on the basis of the decisions in Thornhill v. Kirkman and Jones v. Kirkman, supra. In Thornhill, the Supreme Court observed in part:
"* * * It would produce an intolerable situation on the public highways to subscribe to a theory that they could not be summarily regulated in the interest of the public. So long as summary regulations are reasonable and reasonably executed we will not disturb them."
In Jones, supra, the Supreme Court similarly observed:
"Organic requirements are met in the legislative prescriptions are clear and reasonable, and, a fair opportunity to test the validity of the suspension order is provided... ."
Section 322.27(5) which provides for the revocation of the license of any person designated as an habitual offender also contains the following language:
"... Any person whose license is revoked may, by petition to the department, show cause why his license should not be revoked."
The above quoted language, in our view, offers the petitioner "a fair opportunity to test the validity of the suspension order". Since the record reflects that petitioner did not avail himself of this procedure he cannot be heard to complain that the revocation of his license was a deprivation of his constitutional rights. Moreover, it would be presumptuous of this court to conclude that petitioner would not be given an opportunity to be heard on his petition and if necessary to be afforded an evidentiary hearing.[2]
*547 In light of the foregoing the petition for certiorari is denied without prejudice to the petitioner to seek review of his revocation in accordance with Sec. 322.27(5), Florida Statutes, F.S.A.
Certiorari denied.
OWEN, C.J., and WALDEN, J., concur.
NOTES
[1] It should be pointed out that several of the offenses upon which the respondent based its order occurred subsequently to July 1, 1972.
[2] An appellate court is not the proper forum either for the conduct of an evidentiary hearing or for the relitigation of issues of fact. The scope and extent of a hearing accorded under F.S. Sec. 322.27(5), F.S.A., must be dependent upon the circumstances of the particular case. In this regard it might be well to bear in mind that in reviewing an administrative order the appellate court will examine and determine whether the lower tribunal had before it competent substantial evidence. See author's comment, Rule 4.1, F.A.R., vol. 32 F.S.A.