MANN, Chief Judge.
Casci’s claim that Fla.Stat. § 322.27 (5) F.S.A. (1972) is invalid as an ex post facto criminalization of conduct which occurred before its passage has been rejected by our sister courts. Zarsky v. State, Fla.App. 3d 1973, 281 So.2d 553; Cappadona v. Keith, Fla.App. 4th 1974, 290 So.2d 545, Opinion filed February 15, 1974. See also, Lord v. Davis, Fla.App. 1st 1974, 288 So.2d 260. We agree. What the Legislature has done is to declare that, given the past history of Casci, an offense committed after the effective date of the statute has the effect of authorizing the revocation of Casci’s license. In short, Casci was under no compulsion to drive ninety miles per hour, as he did on December 12, 1972. When he did, and forfeited the bond he posted, he brought into play the effect of prior offenses prescribed by statute. We see no constitutional problem.
Casci’s second claim that treatment of estreature of bond as if there were a formal conviction is impermissible is without merit. Our Supreme Court, in Jones v. Kirkman, Fla.1962, 138 So.2d 513, expressly upheld the power of the Legislature to specify that for the purposes of regulating the privilege of driving, Fla.Stat. § 322.-25(4) validly treats forfeiture as a conviction.
The petition being without merit, oral argument is dispensed with pursuant to Rule 3.10(e), F.A.R., 32 F.S.A., and certio-rari is denied.
BOARDMAN and GRIMES, JJ., concur.