PER CURIAM.
Appellee, Steven James Argeros, had his driving privilege suspended by appellant, Department of Highway Safety and Motor Vehicles, State of Florida, for a period of one year for the accumulation of twenty-four points within thirty-six months as authorized by Section 322.27(2) (c), Florida Statutes 1973. Argeros filed a petition for a writ of certiorari in the Orange County Circuit Court to review the order of suspension. The circuit court, in its order granting the petition for a writ of certiora-ri and remanding the cause to the Department of Highway Safety and Motor Vehicles for further proceedings, determined that the procedure followed by the Department in suspending Argeros’ driver’s license without notice and opportunity to be heard prior to suspension constituted a deprivation of due process. It is from this order that the Department of Highway Safety and Motor Vehicles takes the instant appeal.
The Department of Highway Safety and Motor Vehicles here contends that the holding of the circuit court was erroneous. We must agree. The Florida Supreme Court has clearly indicated that the failure of the Department of Highway Safety and Motor Vehicles to provide the individual who has accumulated sufficient points to warrant suspension of his driver’s license under § 322.27 with notice and an opportunity to be heard prior to the suspension of the individual’s license does not deprive the individual of procedural due process. Jones v. Kirkman, 138 So.2d 513 (Fla.1962) ; Thornhill v. Kirkman, 62 So.2d 740 (Fla.1953).
Accordingly, the order of the circuit court is reversed and the cause is remanded with directions to enter an order denying appellee’s petition for a writ of certio-rari.
Reversed and remanded, with directions.
OWEN, C. J., and CROSS, J., concur.
MAGER, J., concurs specially.