## KNAP v. DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES.

No. 77-525-AP.

Circuit Court, Dade County.

October 4, 1977.

Marco Loffredo, North Miami, for the petitioner.

Enoch J. Whitney, Tallahassee, for the respondent.

ALAN R. SCHWARTZ, GERALD T. WETHERINGTON and HERBERT STETTIN, Circuit Judges.

*Final judgment granting petitioner's writ of certiorari:* Petitioner, Laurie Ann Knap, had her driving privileges suspended by the respondent, State of Florida, Department of Highway Safety and Motor Vehicles, Division of Driver Licenses, for a period of one year for the accumulation of 24 points within 36 months as authorized by Section 322.27(2)(c), Florida Statutes. The first order of suspension was mailed to the petitioner on July 2, 1975. The department mailed the order of July 2, 1975, by certified mail pursuant to Florida Statute 322.251. The notice was returned because petitioner had moved from Gainesville to North Miami without notifying respondent pursuant to Florida Statute 322.19. Thereafter, in 1977, upon petitioner's application for renewal of her license a new order of revocation dated June 24, 1977 suspended petitioner's license for 12 months beginning on June 15, 1977 for the accumulation of 24 points within 36 months, this was actually a reissue of the original order of 1975 for the points accumulated prior to 1975 and therefore resulted in a suspension equal to 3½ years. The respondent takes the position that the suspension began when the notice of suspension was actually delivered to the petitioner. It is from this order of suspension dated June 24, 1977, that petitioner has filed this petition for writ of certiorari.

The petitioner contends that the department's procedure was erroneous, that the original order, issued in 1975, was effective from the date of its issuance and that, therefore, the suspension period has long since expired. The petitioner bases her contention on the fact that notice and an opportunity to be heard prior to the suspension of the individual's license is not required, see Jones v. Kirkman, 138 So.2d 513 (Fla. 1962); Thornhill v. Kirkman, 62 So.2d 740 (Fla. 1953); and Department of Highway Safety and Motor Vehicles v. Argeros, 313 So.2d 55 (Fla. 4th D.C.A. 1974), and that the notice of suspension simply affords one the opportunity to proceed for a restricted license or other relief, if the *individual* so desires.

We agree with the petitioner's contentions. Under Fla. Stat. §322.27(2)(c)(1975) and §322.251 (1975), the effect of a suspension is not affected by the failure of the driver actually to *receive* the notice of that suspension so long, as in this case, the department has *given* statutorily proper notice. Accordingly, the petition for writ of certiorari shall be and it is hereby granted, and the suspension order dated June 4, 1977, of the Department of Highway Safety and Motor Vehicles, Division of Driver Licenses, is hereby set aside and it is ordered that the petitioner be allowed to renew her driver's license upon successfully taking the re-examination test and paying the reinstatement fee.