82 So.2d 743 (1955)
Cecil M. WEBB, as Chairman et al., as Members of and Constituting the Members of the State Road Department of the State of Florida, Appellants,
v.
Melvin S. GIDDENS, Appellee.
Supreme Court of Florida. Division B.
September 14, 1955.
Rehearing Denied November 1, 1955.
*744 Bryan W. Henry, Miami, for appellant.
Leon F. Weaver, Long Beach, for appellee.
HOBSON, Justice.
Plaintiff-appellee is a riparian owner of certain lands bordering on a small arm of Lake Jackson, a navigable, landlocked body of water. He is in the business of renting boats. When he acquired his property, there was a partial fill and a wooden state highway bridge across the arm of the lake on which his property was situated. Subsequently, the defendant-appellants as members of the State Road Department removed the bridge and built a fill completely spanning the arm, intersected by a large culvert which now provides the only connection with the arm and the main body of the lake. The culvert, however, was completely submerged for about eighteen months after it was installed.
The suit leading to the final decree appealed from was brought by the riparian owner seeking a declaration as to the right of defendants to obstruct navigable waters and the right of plaintiff to "pass back and forth over Lake Jackson's waters from his lands into the larger body of Lake Jackson proper."
The chancellor, in accord with the findings of the special master, made the key determination that "This culvert does not provide plaintiff with appropriate, reasonable or practical means of access by boat from his land to the main body of the lake and constitutes an impairment of and infringement upon plaintiff's riparian rights aforesaid." The chancellor further concluded that plaintiff "has a legal right to free access by boats of the type and kind usually operated upon said lake to and from the main body of said lake for purposes of fishing, hunting and boating."
Appellants first maintain that appellee's riparian rights do not include the right of access to the entire lake. On this issue they state, inter alia, that "The appellee has no right to navigate the waters of Lake Jackson. His riparian rights end when he has reached the water from his uplands."
We have held that the rights incident to riparian proprietorship are a matter for the determination of the state within whose borders a locus for assertion of these rights is to be found. Thiesen v. Gulf F. & A.R. Co., 75 Fla. 28, 78 So. 491, L.R.A. *745 1918E, 718. The only Florida statute which undertakes to define these rights, F.S. § 192.61, F.S.A., provides in part that "[r]iparian rights are those incident to land bordering upon navigable waters. They are rights of ingress, egress, boating, bathing and fishing and such others as may be or have been defined by law." While this statute is included in the chapter on Taxation and Finance, and we express no opinion as to its applicability here, it may be accepted as a partial codification of the common law on the subject. In the Thiesen case, supra, we said, 78 So. at page 501:
"In so far as the declaration alleges the right of ingress and egress to and from the lot over the waters of the bay, it states a common-law right appertaining to riparian proprietorship. The common-law riparian proprietor enjoys this right, and that of unobstructed view over the waters, and in common with the public the right of navigating, bathing, and fishing * * *."
It will be noted from the above that common law riparian rights have been broadly and inexactly stated. This is necessarily so, because we are here concerned with a field of law which is unusually dependent upon the facts and circumstances of each case. The inquiry before us is whether or not the denial of ingress and egress to the main body of the lake deprives the appellee of a practical incident of his riparian proprietorship. Obviously, he has a right of ingress and egress from his lands into the water immediately adjacent thereto. But the record shows, in accordance with the findings in this case, that this right would be virtually meaningless unless he were allowed access to the main body of the lake. From the facts of this case, we believe, as did the chancellor, that the rights of appellee should not be so restrictively interpreted. We hold, therefore, that no error has been shown upon this aspect of the case.
It is next contended that appellee lacked standing to maintain this suit. We think, however, that the point so raised is foreclosed by the decision of this court in State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868.
It follows that the final decree appealed from should be, and the same is hereby, affirmed.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.