121 So.2d 204 (1960)
SEASIDE PROPERTIES, INC., a Florida Corporation, Appellant,
v.
STATE ROAD DEPARTMENT of the State of Florida and Monroe County, a Subdivision of the State of Florida, Appellees.
No. 59-155.
District Court of Appeal of Florida. Third District.
June 6, 1960.
Guion T. DeLoach, Coral Gables, for appellant.
Bryan W. Henry, Tallahassee, Paul E. Sawyer, Key West, and Clyde G. Trammell, Jr., Tallahassee, for appellees.
CARROLL, CHAS., Judge.
This appeal is from an order granting a motion of the defendant to dismiss an amended equity complaint, and dismissing the complaint with prejudice.
The appellant, who was the plaintiff below, filed its amended complaint in the circuit court in Monroe County against the State Road Department seeking to quiet title to certain real estate consisting of a section of Old State Road 4-A which had been abandoned in favor of a newer overseas *205 highway. The appellant deraigned his title, and alleged that appellant and its predecessor in title have exercised possession and control of the subject property and paid taxes thereon for more than seven years; that the record discloses no title in the state or county, and that "the defendants have no chain of title by which they can claim any right, title or interest in Old State Road 4-A, a/k/a Old Dixie Highway, and that their only claim is based upon use for a period of years which terminated on or about the year 1937 upon the completion of U.S. Highway #1, which is the present Overseas Highway." It was further alleged that the State Road Department had threatened to invade certain property of plaintiff and remove and destroy certain display signs which plaintiff had placed on the property involved.
In dismissing the cause the learned chancellor was of the opinion, as recited in his order, that "this court is without jurisdiction over the subject matter of this cause as the said Defendant [State Road Department of Florida] cannot be sued in this action."
The determinative question here is whether suit to quiet title may be maintained against the State Road Department under the circumstances presented.
It is clear that the state may not be sued without its consent. See 30 Fla. Jur., State of Florida, § 42 et seq. And it is established that a suit against the State Road Department is, in effect, a suit against the state. State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374, 377.
In contending that the trial court had jurisdiction, appellant cites and relies on the cases of State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868; State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298; Webb v. Giddens, Fla. 1955, 82 So.2d 743; and State Road Department of Florida v. Darby, Fla.App. 1959, 109 So.2d 591; in each of which suit was allowed against the road department. Those cases involved actual physical invasion of a landowner's property, or acts amounting to a taking of property without compensation therefor; and in several of them the court saw fit to compel exercise of the right of eminent domain and prosecution of condemnation proceedings. Upon such facts it was held that the state's immunity did not shield the department from suit.
In the instant case, the complaint contains no allegation of actual taking or physical encroachment. The road department is charged only with having threatened to come upon appellant's property and destroy and remove certain display signs therefrom. Since the threat involved here is not such an invasion or taking of the property as those for which it was held suit against the department would lie in the above cited cases, the chancellor properly dismissed the complaint. See, as exemplary of the broad class of cases precluding suit against the state in like situations, Rabin v. Lake Worth Drainage District, Fla. 1955, 82 So.2d 353; Weir v. Palm Beach County, Fla. 1956, 85 So.2d 865; Spangler v. Florida State Turnpike Authority, Fla. 1958, 106 So.2d 421; Moreno v. Aldrich, Fla.App. 1959, 113 So.2d 406. Therefore, this suit to quiet title could not be maintained against the State Road Department unless provision therefor was made by statute.
Our attention has been directed to two statutes dealing with suits against the State Road Department in certain circumstances, §§ 337.19 and 69.17 et seq., Fla. Stat., F.S.A. Neither gives authority to sue the State Road Department to quiet title under this amended complaint. Section 337.19 clearly is not applicable here, as it authorizes suits "against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department."
*206 The second statute mentioned, §§ 69.17 and 69.18 provides:
"69.17 State named party; lien foreclosure, suit to quiet title

"Under the conditions prescribed in this section for the protection of the state, the state may be named a party in any civil action or suit in any court in this state or any district court of the United States having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the state has or claims a mortgage or other lien."
"69.18 Same; complaint; service of process

"The complaint shall set forth with particularity the nature of the interest or lien of the state. In actions, service upon the state shall be made by serving the process of the court with a copy of the complaint upon the state attorney or upon an assistant state attorney for the judicial circuit in which the action is brought and by sending a copy of the process and complaint by registered mail to the attorney general. In actions the state may appear and answer, plead or deny within forty days after service or further time as the court may allow."
The above quoted statute, which was §§ 1 and 2, Chapter 29724, Laws of Florida, 1955, appears to have been taken without material change from a federal statute, 28 U.S.C.A. § 2410(a) and (b). A careful reading of these statutes discloses that while they confer a waiver of immunity in suits to quiet title, the waiver in such cases is limited to those instances where the property involved is one on which the sovereign (or State Road Department) "has or claims a mortgage or other lien." That is the construction which has been placed on the similarly worded federal statute. See Wells v. Long, D.C.D.Idaho 1946, 68 F. Supp. 671, affirmed 9 Cir., 1947, 162 F.2d 842; Ansonia National Bank of Ansonia, Conn. v. United States, D.C.D.Conn. 1956, 147 F. Supp. 864.
In construing the statute we must give effect to its plain language. Statutes purporting to waive sovereign immunity are to be strictly construed, and such a waiver will not be implied, but must be clear and unequivocal. Spangler v. Florida State Turnpike Authority, supra, Fla. 1958, 106 So.2d 421, 424.
When a state requires, as a condition of the waiver of immunity, that the state's interest in the property involved be a mortgage or lien, the statute must be construed to refer to a mortgage or lien interest denoting a charge on property as security for the payment for some debt or obligation. In the complaint in this suit no such interest of the state or of the road department was alleged.
We conclude, therefore, that the learned chancellor was eminently correct in dismissing the suit, but for reasons shown herein the dismissal should not have been one with prejudice. The order appealed from is modified accordingly, and as so modified, is hereby affirmed.
Modified and affirmed.
HORTON, C.J., and PEARSON, J., concur.