BOYER, Judge.
Petitioner here challenges the constitutionality of certain acts of the Department of Highway Safety and Motor Vehicles taken pursuant to F.S. § 322.27(5) which requires the Department to revoke the license of any person designated as an habitual traffic offender as defined by F.S. § 322.264.
Specifically, petitioner asserts that the procedure employed by the Department violates fundamental principles of due process in that notice and an opportunity to be heard were not afforded the petitioner prior to the revocation of his license. This point has been specifically considered and rejected by the Fourth District in Cappadona v. Keith, Fla.App.4th 1974, 290 So.2d 545, aff’d., Sup.Ct.Fla.1975, 306 So.2d 515, 1975. The Fourth District Court of Appeal, however, emphasized that the petitioner had a “fair opportunity to test the validity of the suspension order” as required by the Florida Supreme Court in Jones v. Kirkman, Sup.Ct.Fla.1962, 138 So.2d 513, via F.S. § 322.27(5)[1] The Fourth District consequently denied the petition for certiorari but without prejudice to the petitioner’s right to seek review of his revocation in accordance with Section 322.27(5). The record in that case revealed that the petitioner had not applied for a post-revocation hearing, and the court refused to arbitrarily rule that the Department would not give the petitioner an opportunity to present his reasons why his license should not be revoked at an evi-dentiary hearing.
In the case sub judice, the record reveals that the petitioner has applied for a post-revocation hearing: His license was revoked pursuant to F.S. § 322.27(5) by Department Order of October 12, 1973 and he thereafter made application for a hearing. Respondent insists that its denial of the petitioner’s application for a post-revocation hearing is correct and that the petitioner is not entitled to a hearing, either before or after his license has been revoked.
We are unable to accept the respondent’s position, acceptance of which by this Court would lead to grossly unjust results. Numerous hypothetical situations immediately come to mind. Assume that John Doe is a resident of Florida and has a Florida driver’s license. Assume further that a second *315 John Doe, also a Florida resident and possessive of a Florida driver’s license, traveled throughout the country committing numerous traffic offenses for which he may be termed an habitual traffic offender. Finally, assume that through human or mechanical error, the driving records of the two John Does become confused and that the first John Doe is charged with being an habitual traffic offender rather than the second John Doe who is the real culprit. Under the logic of the respondent, the first John Doe, who had an unblemished driving record, would be classified as an habitual traffic offender and would have his license revoked without a hearing either before or after the revocation.
The hypothetical is extreme but not unrealistic. It merely illustrates the gross unfairness which can result from the procedure now employed by the respondent. Although respondent argues that driving on the roads of Florida is a privilege and not a right, the United States Supreme Court has held that this distinction is not determinative of whether procedural due process rights apply. To the contrary the U. S. Supreme Court has specifically ruled that “once [driver’s] licenses are issued their continued possession may become essential in pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.” (Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971) )
Moreover, the hypothetical situation above recited is not far removed from the facts of this case. Petitioner was classified as an habitual traffic offender on the basis of three Michigan convictions within five years for the offense of driving a motor vehicle when the consumption of intoxicating liquor had visibly impaired his ability to operate the vehicle. (M.C.L., Section 257.625(b) ) The Michigan statute includes a presumption that one’s ability to operate a motor vehicle is impaired due to the consumption of intoxicating liquor if there is in excess .07%' but less than .10% by weight of alcohol in the blood. Petitioner argues that there is not a counterpart in Florida to the Michigan statute under which he was convicted, and therefore he may not be characterized as an habitual traffic offender. Florida does have a statute which makes it unlawful for any person to drive or be in actual physical control of any vehicle within the State while under the influence of alcoholic beverages when affected to the extent that his normal faculties are impaired: (F.S. § 316.028) But Florida law does not give rise to a presumption of impairment when the alcoholic content of the blood is between .05% and .10%. Such fact may, however, be considered along with other competent evidence. (F.S. § 322.262(2)(b) ) This factual setting gives rise to an issue which cannot be summarily dismissed, as the Department has done. Petitioner must be afforded an evidentiary hearing at which he may argue and present evidence to support his assertion that the Michigan statute does not constitute a sufficient basis upon which he may be classified as an habitual traffic offender.
We therefore hold that a petitioner whose license has been suspended pursuant to § 322.27(5) must be afforded an opportunity to present his case at a hearing, held either before or after the license revocation. To hold otherwise would lead to unconstitutional results. (Bell v. Burson, supra)
It is so ordered.
RAWLS, O. J., and McCORD, J., concur.

. This section provides, in part: “Any person whose license is revoked may, by petition to the department, show cause why his license should not be revoked.”