841 So.2d 598 (2003)
ARGUS PHOTONICS GROUP, INC., a Florida corporation, Appellant,
v.
Kevin DICKENSON and Michael Murray, Appellees.
No. 4D01-4899.
District Court of Appeal of Florida, Fourth District.
April 2, 2003.
John F. Mariani and Nancy E. Guffey-Landers of Levy Kneen Mariani LLC, West Palm Beach, for appellant.
*599 Irwin R. Gilbert of Harris & Gilbert, LLP, West Palm Beach, for appellees.
STONE, J.
Argus Photonics Group, Inc. challenges a declaratory judgment entered in favor of Kevin Dickenson and Michael Murray that determined their rights under an employment agreement. We affirm.
Dickenson and Murray have worked in the field of sealed CO sub2 lasers for several years. In 1996, the parties entered into employment contracts which purported to prohibit Dickenson and Murray from seeking competitive employment anywhere in the continental United States following termination thereunder. The contracts specifically purported to prohibit them from working for another company engaged in the "production of sealed CO2 [sic] lasers for sale in the medical, dental, industrial, or environmental markets." A sealed CO sub2 laser is a vessel, comparable to a fluorescent light bulb, with a mirror at each end. Electrodes on either side of the vessel distribute electricity into a column of gas that then ionizes and produces invisible laser light. Sealed CO sub2 lasers have been produced by approximately thirty companies for over thirty years. Argus had patented a silicon electrode for use in a sealed CO sub2 laser and its technology was disclosed and protected by patents.
During Dickenson and Murray's employment with Argus, the Argus laser failed to achieve an adequate "pulse rate" and was, therefore, not commercially viable. Argus ceased conducting research, although two universities did possess the laser and continued testing it. Dickenson and Murray's employment with Argus terminated in 2000.
Dickenson and Murray filed a second amended complaint against Argus seeking, among other things, a declaratory judgment voiding the covenants not-to-compete pursuant to section 542.335, Florida Statutes. After an evidentiary hearing, the trial court declared that the restrictive covenants contained in the employment agreement were unenforceable and that Dickenson and Murray were not prohibited from working for companies engaged in the research, production, development, or sale of sealed CO sub2 lasers. The trial court held that a declaratory judgment was an appropriate remedy where Dickenson and Murray were in doubt as to whether they could engage in employment in the field of sealed CO sub2 lasers. The court also held that it was proper to try issues of fact in the action where, in light of this court's decision in State Farm Fire & Casualty v. Higgins, 788 So.2d 992 (Fla. 4th DCA 2001), a court can construe a contract in light of the facts at issue.
A declaratory judgment was appropriate relief in this case. Declaratory relief is recognized to be a valid means by which to determine the enforceability of restrictive covenants. See Jewett Orthopaedic Clinic, P.A. v. White, 629 So.2d 922 (Fla. 5th DCA 1993)(reversing declaratory judgment in favor of doctor and holding that covenant not to compete was enforceable); Dorminy v. Frank B. Hall & Co., 464 So.2d 154 (Fla. 5th DCA 1985)(affirming declaratory judgment order enforcing a covenant not to compete).
Section 86.011, Florida Statutes, grants courts the power to render declaratory judgment on the existence of any right or "[o]f any fact upon which the existence or nonexistence of such ... right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." § 86.011(2), Fla. Stat. (2002). In order to bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration. *600 Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc., 632 So.2d 138, 139 (Fla. 4th DCA 1994). The supreme court articulated the test as follows: "[t]here must be some doubt as to the proper interpretation of the written contract or as to the existence or non-existence of some right, status, immunity, power or privilege under the written contract, and that a construction thereof is necessary in order to determine the rights of a party having such doubt as to the meaning of the contract." Columbia Cas. Co. v. Zimmerman, 62 So.2d 338 (Fla.1952). "Construction" has been defined by this court as including an explanation of the "legal effects and consequences of the instrument in question" in light of the facts at issue. Higgins, 788 So.2d at 999.
Here, declaratory relief was appropriate to determine the enforceability of the restrictive covenants in the employment agreement. There was doubt as to the proper interpretation of, and Dickenson and Murray's rights and obligations under, the restrictive covenants. A construction of the contract was necessary in order to determine those rights.
The existence of factual issues does not preclude entry of a declaratory judgment. The statute itself is clear that courts have the power to not only render declaratory judgments on the existence of rights, but also on "any fact upon which the existence or nonexistence of such ... right does or may depend...." § 86.011(2), Fla. Stat. (2002). This court has recognized that "the more recent trend in the case law is to accord broader scope to the declaratory judgment act in reaching fact issues." Higgins, 788 So.2d at 999. In fact, Columbia Casualty proscribes reaching fact issues in a declaratory judgment action only where there is no question as to the contract's construction. 62 So.2d at 340. Therefore, here, it was appropriate for the trial court to reach factual issues where it was done in conjunction with a construction of the contract.
As to all other issues raised, we also find no reversible error or abuse of discretion, and affirm.
WARNER and FARMER, JJ., concur.
FARMER, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.