905 So.2d 169 (2005)
Fred O. DICKENSON and State of Florida, Department of Highway Safety and Motor Vehicles, Appellants,
v.
Robert AULTMAN, Appellee.
No. 3D04-3009.
District Court of Appeal of Florida, Third District.
March 9, 2005.
Rehearing and Rehearing Denied July 13, 2005.
Enoch J. Whitney, General Counsel, and Carlos J. Raurell and Jason Helfant, Assistant General Counsels, for appellant State *170 of Florida, Department of Highway Safety and Motor Vehicles.
Hal Schuhmacher and Rhonda F. Goodman, Coral Gables, for appellee.
Before GREEN, WELLS, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
ROTHENBERG, Judge.
The respondent, State of Florida, Department of Highway Safety and Motor Vehicles ("Department"), appeals from an order directing it to remove the ignition interlock device[1] ("device") designation from the driving record of the petitioner, Robert Aultman, and to immediately reinstate his driving privilege. We affirm.
On January 18, 2003, Aultman's license was suspended for eighteen months because he refused to submit to a blood, breath, or urine test following his arrest for driving under the influence ("DUI"), in violation of section 316.193, Florida Statutes (2003). This was Aultman's second DUI arrest. When the trial court sentenced Aultman for the DUI, it did not impose the installation of this device as a condition for the reinstatement of his driver's license, as was required by statute. The State of Florida did not seek to have the sentence modified as prescribed by Florida Rule of Criminal Procedure 3.800(c), and did not otherwise challenge Aultman's sentence.
When Aultman sought to have his driving privilege reinstated, the Department informed him that, as a condition to reinstatement, he was required to install the device on his vehicle. In response, Aultman filed a Verified Complaint for Emergency and Permanent Injunctive Relief, Prohibition, and Declaratory Relief, alleging that the Department lacked the authority to condition the reinstatement of his license on the installation of the device because this condition was not ordered by the trial court when he was sentenced.
Following a hearing, the trial court entered an order directing the Department to remove the ignition interlock device designation from Aultman's driving record and to immediately reinstate his driving privilege. The Department's appeal followed.
Pursuant to section 316.193(2)(a)(3), Florida Statutes (2003), upon Aultman's second conviction for DUI, he became subject to "mandatory placement for a period of at least 1 year, . . . of an ignition interlock device approved by the department... upon all vehicles that are ... leased or owned and routinely operated" by him. The Department argues that it has "shared authority" with the judiciary to impose the mandatory placement of the device, and therefore, when the sentencing judge fails to order the placement of the device as required by section 316.193(2)(a)(3), it has the authority to do so. We conclude that the Department does not have the authority to require the installation of this device absent a court order.
In support of its argument, the Department relies on section 322.16(1)(a), Florida Statutes (2003), titled "License restrictions." Section 322.16(1)(a) provides:
The department, upon issuing a driver's license, may, whenever good cause appears, impose restrictions suitable to the licensee's driving ability with respect to the type of special mechanical control devices required on a motor vehicle that the licensee may operate, including, but not limited to, restricting the licensee to operating only vehicles equipped with *171 air brakes, or imposing upon the licensee such other restrictions as the department determines are appropriate to assure the safe operation of a motor vehicle by the licensee.
The Department asserts that pursuant to this statute, it is granted the authority to "impose restrictions . . . to assure the safe operation of a motor vehicle by the licensee." We disagree with the Department that this statute, which does not even mention an ignition interlock device, is broad enough to grant the Department authority to require the installation of the device. The "restrictions" contemplated by this section are "special mechanical control devices" that are necessary for the "safe operation of a motor vehicle." An ignition interlock device does not assist the vehicle's operator to safely operate the vehicle. Rather, the purpose of this device is to monitor the operator's blood alcohol level and to prohibit him/her from operating the vehicle if his/her blood alcohol level is in excess of 0.05 percent.
Moreover, the Department's interpretation of section 322.16(1)(a) would improperly allow it to impose a criminal penalty that the legislature has not expressly authorized the Department to impose. See Fla. Const. art. I, § 18 ("No administrative agency . . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law"); Pearson v. Moore, 767 So.2d 1235, 1239 (Fla. 1st DCA 2000)("Sentencing is a power, obligation, and prerogative of the courts," not of an administrative agency.); State ex rel. Greenberg v. Florida State Bd. of Dentistry, 297 So.2d 628, 636 (Fla. 1st DCA 1974)(administrative agencies are "creatures of the Legislature and what powers they have are limited to the statutes that create them").
Section 316.193 sets forth the criminal penalties for those found guilty of DUI. For a second DUI conviction, the convicted person is subject to a fine of not less than $500 or more than $1,000, a term of imprisonment of not more than nine months, and the mandatory placement of the device for a period of at least one year. The legislature has made it clear that the authority to impose this criminal penalty is vested solely in the courts. Specifically, section 316.1937 provides in part that "[t]he court . . . shall order placement of an ignition interlock device in those circumstances required by s. 316.193."
This case is comparable to other cases in which the trial court failed to impose a minimum mandatory term that it was required to impose pursuant to statute. In Fuston v. State, 838 So.2d 1205 (Fla. 2d DCA 2003), the trial court failed to impose the required minimum mandatory terms. The Department of Corrections wrote the trial court stating that it was treating the defendant's sentence as if the minimum mandatory terms had been imposed, and requested that the trial court submit an amended sentence. The trial court entered an amended sentence imposing the minimum mandatory terms. In reversing, the Second District stated:
we know of no power given to the Department [of Corrections] to reverse a sentence, or to disobey a sentence, when it is not ambiguous. The Department has no authority to impose a more onerous sentence upon a prisoner than the sentence actually imposed by the trial court. If the State believes a sentence is erroneous, it is obligated to preserve this issue and appeal it to an appropriate appellate court. Otherwise, the sentence imposed by the court stands, and the Department must comply with that sentence.
Fuston, 838 So.2d at 1207.
The Department further argues that, pursuant to section 322.31, Florida *172 Statutes (2003), its decision to deny reinstatement of a license is reviewable only by filing a petition for writ of certiorari in the circuit court, not by filing an original action. There is no indication in the record that the Department made this specific argument before the trial court. Therefore, the Department may not raise this argument on appeal. See Schultz v. Schickedanz, 884 So.2d 422 (Fla. 4th DCA 2004).
We share in the frustrations of the Department. There is no doubt that the sentencing judge failed to impose the criminal penalty mandated by section 316.193(2)(a)(3) and that the State Attorney's office failed to take any action to have this error corrected. This sentencing error, however, cannot be remedied by allowing the Department to impose a criminal penalty that the legislature has not expressly authorized the Department to impose. Fla. Const. art. I, § 18. Accordingly, we affirm the order under review.
We find no merit in the remaining arguments raised by the Department.
Affirmed.
NOTES
[1] An ignition interlock device is a device that prevents a vehicle's operator from starting the vehicle if his blood alcohol level is in excess of 0.05 percent.