902 So.2d 842 (2005)
Peter N. DOYON, Appellant
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, State of Florida, Appellee.
No. 4D04-1068.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Rehearing Denied June 20, 2005.
*843 Jerome Rosenblum of Jerome Rosenblum, P.A., Hollywood, and Rhonda F. Goodman, Miami, for appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, C.J.
This case concerns an administrative order of the Department of Highway Safety and Motor Vehicles (DMV), requiring a person recently convicted of driving under the influence (DUI) to have ignition interlock devices installed on any motor vehicles he owns, leases or uses. Such a requirement was not imposed with his sentence. We reverse.
In this, his second conviction for DUI, the criminal sentencing judge suspended Doyon's license for 12 months and imposed 12 months probation. No other conditions or punishment were imposed or mentioned by the sentencing judge. In particular, the trial court did not impose the ignition interlock device as a part of his sentence, as required by statute. § 316.193(2)(a)3, Fla. Stat. (2004) (persons convicted of second DUI offense shall be required to install ignition interlock device on all vehicles used or owned for a period of one year). No appeal was taken from the conviction. No timely motion was filed to correct the sentence. Fla. R.Crim. P. 3.800(b)(1).
After Doyon had completed his sentence, he received a written notice from DMV stating that, because he was convicted of a second offense of DUI, he is required to have an ignition interlock device installed on the motor vehicles he owns, leases or uses. In response to DMV's notice, Doyon filed this petition for certiorari, seeking a declaratory judgment that DMV had no authority to impose the ignition interlock requirement without a final judgment of conviction containing such a provision. The trial court denied his motion for a temporary injunction against the suspension of his license. DMV suspended his license because he failed to install the devices on his vehicles. He now appeals the denial of the injunction.
Section 316.1937(1) provides that the "court ... shall order placement of an ignition interlock device in those circumstances required by s. 316.193." Fla. Stat. (2004). Section 316.193(2)(a)3 specifies that the ignition interlock device is imposed as punishment for a second DUI conviction, not as an administrative decision by an agency empowered to do so when it finds facts so warranting.
Although the ignition interlock is mandatory for a second DUI conviction, in this instance the requirement was not imposed *844 at sentencing. Nor did the State raise the issue in a timely post sentencing motion to require compliance with the mandatory provision. See Fla. R.Crim. P. 3.800(b)(1) ("During the time allowed for the filing of a notice of appeal of a sentence ... the state may file a motion to correct a sentencing error."). Once the time for filing a motion to correct such an error in sentencing has elapsed, the sentence is final and may not be "corrected" by the addition of new conditions or provisions. As the court said in Gartrell v. State, 626 So.2d 1364 (Fla.1993)
"Had this downward departure without written reasons been properly raised on appeal, the trial court would have been required to resentence Gartrell within the recommended guidelines range with no further departure permitted.... Because no appeal was taken in this case, the increased sentence must be vacated and the initial sentence reinstated."
Id. at 1365-66; see also Dickenson v. Aultman, 905 So.2d 169, 2005 WL 544844 (Fla. 3d DCA Mar.9, 2005) (DMV lacks authority to require ignition interlock for a second DUI conviction without court entering conviction so specifying).
Because Doyon completed his sentence before DMV sent him the order requiring the installation of ignition interlock devices, upholding the DMV's order subjects Doyon to double jeopardy. See Willingham v. State, 833 So.2d 237, 238 (Fla. 4th DCA 2002) ("[W]here a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence."). As the Aultman court said:
"We share in the frustrations of the Department. There is no doubt that the sentencing judge failed to impose the criminal penalty mandated by section 316.193(2)(a)(3) [sic] and that the State Attorney's office failed to take any action to have this error corrected. This sentencing error, however, cannot be remedied by allowing the Department to impose a criminal penalty that the legislature has not expressly authorized the Department to impose."
Id. at 172, 2005 WL 544844.
Upon remand, the trial court shall enter a declaratory judgment construing petitioner's rights as indicated in this opinion and enjoining DMV to cancel the suspension of his driver's license and to reinstate his driving privileges.
Reversed.
STONE and TAYLOR, JJ., concur.