906 So.2d 316 (2005)
Gary K. EMBREY, Petitioner,
v.
Fred O. DICKENSON, Sandra Lambert, Barbara Lauer and Walter Castle, in their official capacity with The Department of Highway Safety and Motor Vehicles and State of Florida, Department of Highway Safety and Motor Vehicles, Respondents.
No. 1D04-2985.
District Court of Appeal of Florida, First District.
June 13, 2005.
Rehearing Denied July 20, 2005.
*317 Rhonda F. Goodman, Miami, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee; Charles M. Fahlbusch, Senior Assistant Attorney General, Ft. Lauderdale, for Respondents.
PER CURIAM.
Petitioner seeks review of the circuit court's order upholding the Department's order requiring petitioner to install an ignition interlocking device or to face revocation of his driving privileges. We grant the petition and quash the circuit court's order.
Although the court that imposed sentence upon Petitioner for his second conviction for driving under the influence erred by failing to require the ignition interlocking device pursuant to section 316.193(2)(a)3., Florida Statutes (2002), the state attorney did not appeal petitioner's sentence. Rather, after petitioner had completed all of the terms of his sentence and after his driving privileges were reinstated, the Department informed petitioner by letter that he would either have to install the device on his vehicles or face revocation of his driver license.
Despite the Department's arguments to the contrary, neither section 316.193 nor section 322.16, Florida Statutes (2002), grants the Department authority to require the imposition of the device in the absence of a court order.[1] The *318 unambiguous language of section 316.193 clearly establishes that Florida's trial courts, not the Department, are responsible for ordering the installation of the device upon qualified offenders. See Dickenson, Dep't of Highway Safety & Motor Vehicles v. Aultman, 905 So.2d 169 (Fla. 3d DCA 2005)(holding that Department does not have independent authority to impose device in absence of court order). While section 322.16 provides general authority for the Department to impose time and purpose restrictions on drivers' licenses and to effect other administrative measures necessary to ensure the safety of Florida's highways, section 322.16 does not grant the Department the independent authority to impose a criminal punishment. When a trial court fails to impose a mandatory sentencing condition, the remedy is for the state to appeal that error  not for the Department to impose the condition.
Because the circuit court's order, which states that these statutes do provide Departmental authority to impose the device absent a court order, is a departure from the essential requirements of the law, we grant the petition and quash the circuit court's order. Upon remand, the trial court shall enter a declaratory judgment construing petitioner's rights as indicated in this opinion and enjoining Department to cancel the suspension of his driver's license and to reinstate his driving privileges.
DAVIS, BENTON and POLSTON, JJ., concur.
NOTES
[1] We note that the legislature recently enacted section 322.2715(4), to take effect July 1, 2005, which provides that

[i]f the court fails to order the mandatory placement of the ignition interlock device or fails to order for the applicable period the mandatory placement of an ignition interlock device under s. 316.193 or s. 316.1937 at the time of imposing sentence or within 30 days thereafter, the department shall immediately require that the ignition interlock device be installed as provided in this section . . . This subsection applies to the reinstatement of the driving privilege following a revocation, suspension, or cancellation that is based upon a conviction for the offense of driving under the influence which occurs on or after July 1, 2005.
Fla. CS for SB 530, §§ 2 & 3 (2005) (signed into law on May 24, 2005).