920 So.2d 53 (2005)
CITY OF GAINESVILLE, Appellant,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
No. 1D05-0710.
District Court of Appeal of Florida, First District.
December 19, 2005.
Rehearing Denied February 2, 2006.
Marion J. Radson, City Attorney, and Daniel M. Nee, Assistant Litigation Attorney, Gainesville, for Appellant.
Pamela S. Leslie, General Counsel, and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellee.
HAWKES, J.
In this third appeal between these parties, the City of Gainesville argues the trial court reversibly erred by dismissing, with prejudice, its action to collect stormwater utility fees from the Department of Transportation (DOT). We affirm.
In essence, the City argues that, since DOT is a person within the meaning of *54 chapter 180, Florida Statutes, sovereign immunity is waived, and the City does not need a contract to collect the stormwater utility fees authorized pursuant to chapter 403, Florida Statutes. The City's argument is without merit.
Statutes purporting to waive sovereign immunity are strictly construed in favor of the State, and must be clear and unequivocal. See e.g., Spangler v. Fla. State Tpk. Auth., 106 So.2d 421, 424 (Fla. 1958); Div. of Admin. v. Oliff, 350 So.2d 484 (Fla. 1st DCA 1977); Seaside Prop., Inc. v. State Road Dep't, 121 So.2d 204 (Fla. 3d DCA 1960); Blockbuster Video, Inc. v. Dep't of Transp., 714 So.2d 1222 (Fla. 2d DCA 1998). Waiver of sovereign immunity will not be implied. See Spangler, 106 So.2d at 424; Seaside Prop., 121 So.2d at 206.
Here, the City refuses to accept that chapter 180 has a very specific listing of the municipal services included within its scope. One municipal service not included in that list is stormwater runoff. The Legislature, for whatever reason, decided not to include stormwater runoff within the scope of chapter 180. We are unable to rewrite the chapter to provide the relief sought by the City. Because chapter 180 does not provide a waiver of sovereign immunity for utilities authorized pursuant to chapter 403, the parties' circumstances have not changed since the first appeal.
Consequently, although the stormwater fee may be a valid utility fee, consistent with our previous opinion, before the City can sue to collect the fee, it must have a written contract. See City of Gainesville v. Fla. Dep't of Transp., 778 So.2d 519, 530 (Fla. 1st DCA 2001). Since the City acknowledges it does not have a written contract, the trial court properly dismissed the City's complaint with prejudice. The trial court's order is AFFIRMED.
KAHN, C.J., and THOMAS, J., concur.