920 So.2d 1220 (2006)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Rafael GONZALEZ-ZAILA, Respondent.
No. 3D05-511.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Enoch J. Whitney, Tallahassee, and Jason Helfant, for petitioner.
George T. Pallas, Miami, for respondent.
Before LEVY, FLETCHER, and RAMIREZ, JJ.

*1221 ON MOTION FOR REHEARING

FLETCHER, Judge.
We grant the State of Florida, Department of Highway Safety and Motor Vehicles' motion for rehearing, withdraw our prior opinion dated August 10, 2005 and substitute the following opinion.
The Department of Highway Safety and Motor Vehicles [DMV] seeks a writ of certiorari and quashal of the circuit court's final order, rendered in its appellate capacity, denying the DMV's motion for rehearing. We deny the petition for the writ of certiorari.
The appellee, Rafael Gonzalez-Zaila [Gonzalez] has a driving record that reflects five convictions for driving under the influence. After his final conviction in 1997, Gonzalez' license was permanently suspended. In June 2003, Gonzalez applied for license reinstatement, and in November 2003, the DMV issued Gonzalez a hardship license for employment purposes.
Subsequently, on July 28, 2004, the DMV ordered Gonzalez to install an ignition interlock device in his car within thirty days or risk the cancellation of his license. Gonzalez filed a petition for writ of certiorari in the circuit court, as well as an emergency motion to stay license cancellation. The circuit court granted a thirty-day stay, and later Gonzalez sought an extension of that stay, which was denied. The DMV sought review in this court of the non-final order, which this court treated as a petition for a writ of certiorari under case number 3D04-2386.
The circuit court then granted Gonzalez' petition and quashed the DMV's order requiring installation of the ignition interlock device because the DMV did not have a court order requiring installation. The DMV moved for rehearing which was denied. The DMV filed the instant petition for writ of certiorari and this court consolidated both proceedings under case number 3D05-511.
Section 322.271(2)(d), Florida Statutes (2003) allows the DMV to require use of an ignition interlock device upon review of an application for license reinstatement, as follows: "The department, based upon review of the licensee's application for reinstatement, may require use of an ignition interlock device pursuant to s. 316.1937." § 322.271(2)(d), Fla. Stat. (2003). The statute also provides that "[u]pon such hearing [to review the petition for reinstatement] the department shall either suspend, affirm, or modify its order and may restore to the licensee the privilege of driving on a limited or restricted basis for business or employment use only." [e.s.] § 322.271(3), Fla. Stat. (2003).
According to the statute, then, the DMV cannot reinstate Gonzalez' license without a requirement for an interlock device, then later require him to install the device under the threat of canceling his hardship license. Such a requirement should be determined at the hearing and stated by the DMV upon grant of a person's application for reinstatement of those privileges. Once the restricted license is reinstated, the DMV cannot later impose additional requirements or restrictions that were not set forth at the hearing.
Gonzalez argues that the DMV lacked the authority to require the installation of a device absent a court order, and relies on Dickenson v. Aultman for that proposition. See Dickenson v. Aultman, 905 So.2d 169 (Fla. 3d DCA 2005). However, section 322.271(2)(d) was not raised or addressed in Dickenson, and that statute clearly allows the DMV to order an ignition interlock device upon review and grant of a license reinstatement application. We additionally note that in 1997, at the time Gonzalez was convicted and his *1222 license was permanently revoked, there was no mandatory provision for placement of the interlock device upon conviction. See § 316.193(4), Fla. Stat. (1997). However, the mandatory requirement was in place by 2003, when Gonzalez applied for the hardship license reinstatement. § 316.193(4)(c) (2003). The absence of a court order mandating placement of the interlock device upon Gonzalez' 1997 conviction would not prevent the DMV from requiring the device at the time of Gonzalez' application for reinstatement. The DMV clearly has the legislated authority to do so under section 322.271(2)(d), Florida Statutes (2003).
Thus, we agree with the DMV that it had the authority to order placement of the ignition interlock device as a condition of reinstating Gonzalez' license for employment purposes, but the DMV could only have ordered the requirement at the time it reviewed the reinstatement application and granted the hardship license. Accordingly, the DMV's petition for a writ of certiorari is denied.