932 So.2d 426 (2006)
Edward G. KARZ, Appellant,
v.
Fred O. DICKENSON and Sandra Lambert, in their official capacities, Department of Highway Safety and Motor Vehicles, Appellee.
No. 2D04-5435.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*427 Rhonda F. Goodman of Rhonda F. Goodman, P.A., Miami, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robert Dietz, Assistant Attorney General, Tampa, for Appellee.
BERGMANN, CHARLES ED, Associate Judge.
Edward Karz appeals the final judgment of the trial court finding that the Department of Highway Safety and Motor Vehicles (DHSMV) has administrative authority "to place restrictions on driver['s] licenses which would include the placement of ignition interlock devices," although such restrictions were not part of Karz's sentence. We reverse.
Section 316.193(2)(b)(1), Florida Statutes (2003), requires that after a third conviction of driving under the influence (DUI), "the court shall order the mandatory placement ... of an ignition interlock device" upon the convicted person's vehicle. When Karz was convicted of a third DUI offense, the trial court suspended his driver's license for six months but did not impose the mandatory placement of the device as part of his sentence. The State did not appeal. When the period of suspension expired and Karz applied for reinstatement of his driver's license, the DHSMV imposed the restriction of the ignition interlock device administratively.
Karz brought an action in the trial court seeking, inter alia, injunctive and declaratory relief. Finding that the DHSMV has the authority to impose the ignition interlock device restriction on driver's licenses, the trial court denied the relief sought, and Karz brought this appeal.
Three other district courts have ruled in similar circumstances that the DHSMV had no authority to impose the ignition interlock device administratively when the trial court did not impose the restriction during sentencing. See Embrey v. Dickenson, 906 So.2d 316 (Fla. 1st DCA 2005); Dickenson v. Aultman, 905 So.2d 169 (Fla. 3d DCA 2005); Doyon v. Dep't of Highway Safety & Motor Vehicles, 902 So.2d 842 (Fla. 4th DCA 2005).[1] We agree with those decisions and adopt the reasoning *428 set forth therein in this case.[2] Accordingly, we reverse the final order of the trial court.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.
NOTES
[1] The nature of the proceedings in the circuit court and the method of review in the district court has varied among these cases. We conclude that it is unnecessary in this case to decide whether all the approaches taken were appropriate because it is clear that the circuit court's jurisdiction could be invoked to resolve this issue and we would have jurisdiction to review that legal ruling.
[2] Section 322.2715(4), Florida Statutes (2005), which became effective July 1, 2005, would appear to have allowed the administrative action in this case if it had been enacted at the time of Karz's offense.