HAWKES, C.J.
Appellants challenge a final judgment dismissing their amended complaint with prejudice for failing to state a cause of action. We affirm in part, reverse in part, and remand for further fact-finding on the following claims: (1) declaratory and in-junctive relief regarding an alleged violation of federal due process; (2) declaratory and injunctive relief regarding an alleged violation of state due process; and (3) declaratory and injunctive relief regarding an alleged violation of the state prohibition against unauthorized agency penalties.

FACTS AND PROCEDURAL HISTORY

In 2002, the legislature amended the statutes governing driving under the influence (DUI) to provide two ways in which a convicted driver could be required to install and maintain an ignition interlock de *917 vice on his or her vehicle.[1] First, according to section 316.1937(1), Florida Statutes (2002), a sentencing court had discretion to impose the device, in addition to any other authorized penalty, upon a drivers initial DUI offense. Second, according to section 316.1937(2)(a)(3), Florida Statutes (2002), a sentencing court was required to impose the device when the driver received a second DUI conviction. Despite these provisions, sentencing courts frequently did not order the installation of the device, even in instances where the requirement would be mandatory.
Beginning in 2004, the Florida Department of Highway Safety and Motor Vehicles (the Department) began to send letters to all drivers previously convicted of DUI. The letters ordered the drivers to install and maintain an ignition interlock device on their vehicles. Some of the drivers who received the letters had not been sentenced by the trial court to install the devices. If the drivers failed to comply, the Department threatened to suspend their licenses.
Subsequent cases clarified that the requirement to install an ignition interlock device as part of a criminal sentence could come only from the trial court. The cases held the Department did not have authority to require the device as part of a defendant’s DUI sentence as it was a state agency, not a sentencing court, and had no independent statutory authority. See Embrey v. Dickenson, 906 So.2d 316, 318 (Fla. 1st DCA 2005); Dickenson v. Aultman, 905 So.2d 169, 171-72 (Fla. 3d DCA 2005); Doyon v. Dept. of Highway Safety & Motor Vehicles, 902 So.2d 842, 844 (Fla. 4th DCA 2005). In response to these cases, the legislature enacted section 322.2715, Florida Statutes (2005). Among other things, this provision authorized the Department to require the installation of the device whenever the sentencing court failed to order its mandatory placement. See § 322.2715(4), Fla. Stat. However, the provision did not have retroactive effect; its application was limited to DUI convictions which occur[ed] on or after July 1, 2005. Id.
In short, prior to July 1, 2005, the Department was not authorized to require any DUI offender to install the ignition interlock device unless the installation had been ordered by the trial court. Nevertheless, the Department issued letters to all DUI offenders, including those convicted before July 1, 2005, requiring the device, even in cases where it lacked the authority to do so.
Appellants have brought their claims on behalf of all licensed drivers convicted of DUI and sentenced before July 1, 2005, yet subsequently required by the Department to install an ignition interlock device.[2] Appellant hopes to have this group certified as a class. In an amended complaint, Appellants raised five claims. The first three were federal law claims. The last two were state law claims.
The trial court granted Appellees motion to dismiss all five claims with prejudice. Regarding the federal law claims, it found Appellants failed to allege a deprivation of a federally protected right. Regarding the state law claims, it found sovereign immu *918 nity shielded the State from reimbursing any monetary damages. Appellants now contest the dismissal.
FEDERAL CONSTITUTIONAL CLAIMS
In Count I, Appellants seek recovery under 42 U.S.C. § 1983 for an alleged deprivation of a Fourteenth Amendment property right: their licenses to drive. Appellants claim they were deprived of due process, alleging their licenses were jeopardized without adequate notice of then* rights or opportunity for a hearing. When bringing a section 1983 claim alleging a denial of procedural due process, three elements must be shown: (1) a deprivation of a constitutionally-protected [ ] property interest; (2) state action; and (3) constitutionally-inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir.2003); see also Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). Therefore, in conducting a section 1983 due process analysis, we must first determine whether a party has been deprived of a federally protected property right.
State law defines the parameters of a plaintiffs property interest for purposes of section 1983. Key W. Harbour Dev. Corp. v. City of Key W., Fla., 987 F.2d 723, 727 (11th Cir.1993); see also Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (finding a federally protected property interest is decided by reference to state law); Riley v. St. Louis County of Mo., 153 F.3d 627, 630 (8th Cir.1998) (stating Section 1983 does not create substantive rights; rather, state law establishes the property interest). Once state law has determined the substance of a property interest, federal law defines the process that is due. See Archie v. City of Racine, 847 F.2d 1211, 1217 (7th Cir.1988).
A claim rises to the level of a federally protected property interest only if a plaintiff can show he/she is entitled to it under state law. See Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (stating a property interest requires a legitimate claim of entitlement); Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 782 (2d Cir.1991). The mere receipt of a privilege or benefit from the government does not create entitlement; therefore, privileges traditionally do not rise to the level of a property interest cognizable under section 1983. See Lim v. Cent. DuPage Hosp., 871 F.2d 644, 648 (7th Cir.1989) (stating a contract right merely to specified procedures ... is not a property right in the constitutional sense); see also Beauchene v. Commr., Maine Dept. of Health & Human Servs., 2006 WL 1669432, *1 (Maine Superior Ct.2006) (finding a patients freedom and level of supervision at a psychiatric hospital were privileges, not constitutionally protected property rights, and therefore did not involve section 1983). An examination of pertinent case law reveals different fact patterns, resulting in different conclusions by appellate courts, as to whether a driver’s license in Florida is recognized as a privilege or an entitlement.
In some cases, the Florida Supreme Court clearly defines drivers’ licenses as privileges. According to Lite v. State, 617 So.2d 1058,1060 (Fla.1993),
there is no property interest in possessing a drivers license. Rather, driving is a privilege, and the privilege can be taken away or encumbered as a means of meeting a legitimate legislative goal.
(emphasis added); see also Bolware v. State, 995 So.2d 268, 274 (Fla.2008) (stating [historically, Florida courts have *919 viewed a license to drive on our state roads as a privilege, not a right:); Lescher v. Fla. Dept. of Highway Safety & Motor Vehicles, 985 So.2d 1078, 1083 (Fla.2008) (quoting Lite’s, holding that there is no property interest in possessing a drivers license); City of Miami v. Aronovitz, 114 So.2d 784, 787 (Fla.1959) (stating the acquisition of a drivers license is a privilege); Smith v. City of Gainesville, 93 So.2d 105, 106 (Fla.1957) (stating a drivers license is a privilege, subject to proper regulations and does not endow the holder thereof with an absolute property right in the use of the public highway).
In other cases, the distinction between a privilege and property right, at least when applied to drivers licenses, is not determinative of whether Fourteenth Amendment rights attach. See Souter v. Dept. of Highway Safety & Motor Vehicles, 310 So.2d 314, 315 (Fla. 1st DCA 1975). Since the revocation of a drivers license may affect the drivers livelihood, we have found drivers licenses warrant due process protections under the Fourteenth Amendment. Id. (finding a person must be given the opportunity to present his case at a hearing either before or after license revocation); Dept. of Highivay Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 743 (Fla. 1st DCA 2002) (stating the suspension of a drivers license implicates a protectable property interest and due process applies to its denial); Wheeler v. Dept. of Highway Safety & Motor Vehicles, 297 So.2d 128, 129-30 (Fla. 2d DCA 1974) (finding a driver is entitled to a hearing before his license is suspended).
There are also federal cases that treat drivers’ licenses as property interests meriting protection, regardless of their classification as privileges. For example, in Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the Supreme Court stated:
Once licenses are issued, as in petitioners case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a right or a privilege.
(citations omitted); see also Logan v. Zimmerman Brush Co., 455 U.S. 422, 430-31, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (listing drivers licenses as federally protected property interests); Mackey v. Montrym, 443 U.S. 1, 10, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979) (stating suspension of a drivers license for statutorily defined cause implicates a protectible property intei'est); Dixon v. Love, 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977) (stating [i]t is clear that the Due Process Clause applies to the deprivation of a drivers license by the State).
Here, the trial court dismissed the federal claims in the complaint, finding Appellants had not demonstrated the deprivation of a property right protected by section 1983. However, given the precedent cited above, the trial court must conduct further fact finding to determine whether Florida law recognizes a driver’s license as a property right under the facts alleged here. For instance, further fact finding is needed to determine if those plaintiffs convicted of a second DUI who fortuitously avoided the mandatory sentencing sanction of imposition of the device or license revocation still have suffered the loss of a protected property right. Similarly, fact finding is needed to *920 determine whether the sanction of imposition of the device or license revocation in those cases where the offender has only one DUI conviction affects a protected property right. It is possible that even if a driver’s license is found to be a protected property interest in one situation, it may not be in the other. Therefore, on remand the trial court should take evidence and make findings regarding whether Appellants licenses qualified as cognizable property interests under section 1983. Obviously, if the trial court finds a property right, it will then have to make findings as to whether adequate process was provided.
Appellants remaining federal claims are illogical. They argue that the forced installation of the ignition interlock device violated the federal prohibitions against double jeopardy (Count II) and ex post facto laws (Count III). Both of these claims hinge on finding the installation of the device was a criminal penalty unjustly inflicted upon them. However, the Department, as an administrative agency, cannot impose criminal sanctions; therefore, its order requiring convicted DUI offenders to install the device cannot be considered part of their criminal sentences. See Embrey v. Dickenson, 906 So.2d at 318 (finding the Department lacked the independent authority to impose [this] criminal punishment prior to the passage of section 322.2715); Dickenson v. Aultman, 905 So.2d at 171 (stating [t]he legislature has made it clear that the authority to impose this criminal penalty is vested solely in the courts). See generally Fuston v. State, 838 So.2d 1205, 1207 (Fla. 2d DCA 2003) (holding an administrative agency lacks the authority to impose a more onerous sentence upon a [defendant] than the sentence actually imposed by the trial court).[3] The Department may have acted without legal authority in imposing the device. But because it was not a court, its actions did not amount to a criminal sentence. Consequently, Appellants claims concerning the federal prohibitions against double jeopardy and ex post facto laws are meritless.
STATE CONSTITUTIONAL CLAIMS
Before evaluating the merits of Appellants claims, we address the question of relief. In Counts IV and V of the complaint, Appellants seek both monetary relief and declaratory/injunctive relief. We affirm the trial courts ruling that since Appellants failed to demonstrate the State had waived sovereign immunity for these claims, they could not recover monetary damages.[4]
To bring an action against the State, the legislature must have enacted a general law waiving the States sovereign immunity for the claim. See Art. X, § 13, Fla. Const, (stating [provision may be made by general law for bringing suit against the [S]tate as to all liabilities now existing or hereafter originating); Am. Home Assurance Co. v. Natl. R.R. Passenger Corp., 908 So.2d 459, 471-72 (Fla.2005). *921 Any waiver must be clear and unequivocal, and cannot be implied or inferred. See Am. Home Assurance Co. at 472; see also City of Gainesville v. State Dept. of Transp., 920 So.2d 53, 54 (Fla. 1st DCA 2005).
Here, Appellants have failed to cite any legislative enactment waiving the States immunity to the claims in Counts IV and V. Instead, they argue that the constitutional provisions cited are self-executing, thereby making a waiver unnecessary.
However, even if the rights indicated were self-executing, a cause of action for monetary damages does not arise simply because a state agency has violated a constitutional right. For instance, when a plaintiff sought monetary damages after police misconduct led to him being wrongfully imprisoned for thirty months, the Fourth District found he could not bring a cause of action under the due process clause for monetary damages against the State, its agencies, or its employees acting in their official capacity. See Garcia v. Reyes, 697 So.2d 549, 549-50 (Fla. 4th DCA 1997); see also Fernez v. Calabrese, 760 So.2d 1144, 1146 (Fla. 5th DCA 2000) (citing Garcia for the principle that monetary damages cannot be recovered in an action against the State for a violation of state constitutional rights). Given this precedent, and even assuming Appellants can establish a violation of their state constitutional rights, they cannot receive monetary reimbursement. The only potential relief available to Appellants is declaratory or injunctive in nature, and even then they must establish the applicable prerequisites for such relief.
Turning to the merits, in Count IV Appellants contended, in part, that the Departments actions violated the state prohibition against the deprivation of property or liberty without due process and the state prohibition against unauthorized administrative penalties. As previously discussed, the Departments ultimatum to Appellants to either install the device or forfeit their drivers licenses may have implicated property interests cognizable in Florida. Similarly, the Departments imposition of this penalty as part of a criminal sentence constituted an unauthorized agency action. We reverse and remand these two State law claims to determine if Appellants can demonstrate need and entitlement to declaratory or injunctive relief.[5]

CONCLUSION

We reverse the final judgment regarding Count I of the complaint and remand to discern whether Appellants federal rights were violated without adequate due process when the Department required them to either install the ignition interlock device or forfeit their licenses.
We reverse as to Count IV of Appellants complaint to the extent it requested declaratory or injunctive relief, and remand for further consideration of whether the Department violated the state prohibitions against depriving liberty or property without due process and unauthorized agency penalties.
*922 All other issues raised by Appellants are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
VAN NORTWICK, J., concurs; BENTON, J., dissents with opinion.

. An ignition interlock device is an instrument connected to an automobiles ignition. To start the vehicle, the driver must blow into the device, which will measure alcohol concentration and then, if the concentration falls within an acceptable level, permit the engine to start.

. The class has not been certified and the trial court still has to make findings regarding whether the prerequisites for class representation listed in. Florida Rule of Civil Procedure 1.220(a) have been met, including nu-merosity, commonality, and typicality.

. We note that the Department currently can require the device on convicted DUI offenders if the sentencing court fails to order its mandatory placement (see § 322.2715(4)) or upon review of the offender's application for license reinstatement (see § 322.271 (2)(d)). However, in the context of these provisions, the imposition of the device is an administrative, remedial penalty. These provisions do not allow the Department to impose the device as part of the offender’s DUI sentence; this criminal penalty may be imposed by the trial court alone.

. The record contains no evidence or findings of fact regarding whether the fortuitous circumstance of a trial judge failing to follow the proper sentencing law could result in monetary damages for Appellants.

. Obviously, if the amendment to the statute means the Department's improper activity is not likely to reoccur, declaratory and injunc-tive relief may be inappropriate. See Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla. 1991) (requiring an actual, present controversy and a party with an actual, present interest in the subject matter); Raulerson v. Mitchell, 916 So.2d 891, 893 (Fla. 4th DCA 2005) (stating relief will be inappropriate unless the moving party can show that irreparable harm will occur without it); Argus Photonics Group, Inc. v. Dickenson, 841 So.2d 598, 599 (Fla. 4th DCA 2003) (requiring "a bona fide dispute between the parties and an actual, present need for the declaration”).